UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAN BANG NGUYEN,

                              Petitioner,

        v.

KRISTI NOEM, *et al*.,

                              Respondents.

Case No. C26-802-SKV

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Van Bang Nguyen is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody.  Dkt. 1.  Petitioner, who is proceeding through counsel, asserts that he is entitled to release because his detention by ICE has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See id*. at 9-10.  Respondents have filed a return (Dkt. 5), together with the supporting declarations of Deportation Officer ("DO") Yralees Melendez (Dkt. 6), and Respondents' counsel Michelle Lambert (Dkt. 7).  Petitioner has filed a traverse in response to Respondents' return.  Dkt. 8.  The Court, having reviewed the parties' submissions, and the governing law, DENIES Petitioner's federal habeas petition.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.   BACKGROUND

Petitioner is a native and citizen of Vietnam.  Melendez Decl., ¶ 3; Lambert Decl., Ex. A at 3.  He entered the United States on January 19, 2025, and was immediately detained and processed for expedited removal.  Melendez Decl., ¶ 4, 5; Lambert Decl., Ex. A at 5.  Petitioner was initially detained at the Eloy Detention Center in Arizona and was transferred to NWIPC on February 2, 2025.  Melendez Decl., ¶ 6.

On April 25, 2025, Petitioner was served with a Notice to Appear ("NTA") charging him with being removable under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) and (a)(6)(A)(i), thus placing him in full removal proceedings.  *See* Dkt. 5 at 4; Lambert Decl., Ex. B at 1.  Petitioner appeared before an immigration judge ("IJ") for an individual hearing on August 4, 2025, and the IJ denied Petitioner's applications for relief from removal and ordered him removed to Vietnam.  Melendez Decl., ¶ 8; Lambert Decl., Ex. C.  Petitioner reserved appeal at the time of the hearing, but ultimately did not file an appeal of the IJ's order.  *See id.*  Petitioner's order of removal therefore became administratively final on September 3, 2025, when the time to appeal expired.  *See* 8 C.F.R. § 1003.38(b); 8 C.F.R. § 1241.1(c).

On September 15, 2025, after the appeal deadline had passed, ICE's Office of Enforcement and Removal Operations ("ERO") provided Petitioner with travel document forms which he completed two days later.  Melendez Decl., ¶ 10.  ERO sent the travel document request to Removal and International Operations ("RIO") on November 6, 2025, and travel documents were issued for Petitioner on March 4, 2026.  *Id.*, ¶¶ 11, 12.  Petitioner was thereafter added to a charter flight scheduled for March 15, 2026.  *Id.*, ¶ 12.  On March 10, 2026, ERO transferred Petitioner from NWIPC to the Arizona Removal Operations Coordination Center in

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

preparation for the scheduled charter flight. *Id.*, ¶ 14. On March 12, 2026, Petitioner was transferred to the Port Isabel Service Processing Center in Texas. *Id.*

Petitioner filed his federal habeas petition the same day he was transferred out of NWIPC and the following day, March 11, 2026, the Court issued a scheduling order in this matter which ordered that Respondents provide Petitioner and Petitioner's counsel at least 48 hours' notice before transferring Petitioner out of the Western District of Washington. *See* Dkts. 1, 2. ERO was notified on March 12, 2026, of this Court's order not to transfer Petitioner out of this District without providing the requisite notice. Melendez Decl., ¶ 15. On the same date, ERO decided to cancel the removal and return Petitioner to NWIPC, though a communication error delayed Petitioner's return to NWIPC. *See id.*, ¶ 18. On March 13, 2026, ERO notified Petitioner's counsel that Petitioner had been transferred to Port Isabel, and on March 19, 2026, ERO began efforts to return Petitioner to NWIPC. *Id.*, ¶¶ 16, 17. Petitioner arrived back at NWIPC on March 21, 2026, where he remains pending resolution of this federal habeas action. *Id.*, ¶ 17.

## II.   DISCUSSION

Petitioner alleges in this action that is continued detention violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution because his removal is not likely to occur in the reasonably foreseeable future. *See* Dkt. 1 at 9-10; Dkt. 8. Respondents argue that Petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6) as his removal is very likely to occur in the reasonably foreseeable future, and they maintain that but for the initiation of this litigation Petitioner would have been removed on the previously scheduled charter flight. Dkt. 5.

//

//

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens such as Petitioner who have been ordered removed.  Under § 1231(a), the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period."  8 U.S.C. §§ 1231(a)(1)(A), (a)(2).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens, including those such as Petitioner who are removable under § 1182, or to release them on supervision.  8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely.  *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States.  *Zadvydas*, 533 U.S. at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id*.  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*.  If the government is unable to meet its burden, then the noncitizen must be released from detention.  *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

The six-month presumption is not a strict deadline; a noncitizen may be detained beyond six months if removal remains likely.  *Zadvydas*, 533 U.S. at 701.  Nevertheless, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  *Id.*

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 4

In this case, the presumptively reasonable six-month period expired on or about March 3, 2026, six months after Petitioner's order of removal became final upon expiration of the time for him to appeal that order. However, to meet his burden under *Zadvydas*, Petitioner must also demonstrate there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Petitioner has not met this burden.

The record makes clear that ICE has travel documents and is prepared to execute Petitioner's removal. The record also confirms that Petitioner would likely already have been removed had Petitioner not filed the instant habeas action. Petitioner disagrees, claiming that "an internal ICE error" was the reason he was not removed on the previously scheduled charter flight. Dkt. 8 at 4. According to Petitioner, the error involved a Supervisory Deportation and Detention Officer ("SDDO") sending an email containing "a critical removal instruction" to himself rather than to the required flight operations personnel. *Id.* Petitioner argues that the government's inability to remove him even when all of the "logistical prerequisites are satisfied" undermines any conclusion that his removal is reasonably foreseeable and renders his ongoing detention constitutionally impermissible. *See id.* Petitioner's argument, however, is based on a clear misreading of the record.

DO Melendez sets forth in their declaration the series of events leading up to Petitioner's aborted removal attempt in March and subsequent efforts to return Petitioner to NWIPC after ERO became aware that Petitioner had filed a federal habeas petition. Of particular relevance are the events of March 12, 2026, the day ERO became aware Petitioner had filed this habeas action. *See* Melendez Decl., ¶ 15. According to DO Melendez, ERO initially decided to proceed with the scheduled removal plan. *Id.*, ¶ 18. To that end, an SDDO in Tacoma, Paul Ruby,

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5

contacted ERO staff in Florence, Arizona, and asked that they serve Petitioner with an "impending departure form." *Id.*

Between the time SDDO Ruby requested ERO Florence serve the form on Petitioner, and the time the served form was returned to ERO Tacoma, ERO had decided to cancel Petitioner's removal and return him to NWIPC. Melendez Decl., ¶ 18. After that decision was made, SDDO Ruby intended to send an email to ERO Florence instructing them to disregard the removal plan and return Petitioner to NWIPC. *Id.* However, SDDO Ruby inadvertently sent the email to himself and another SDDO in Tacoma and not to ERO Florence personnel. *Id.* SDDO Ruby discovered this error on March 18, 2026, when reviewing his email outbox. *Id.* In the meantime, ERO Florence, having not received the instructions to disregard the removal plan, continued with the removal process, transferring Petitioner from Arizona to Texas for the scheduled charter flight. *Id.* Once the email error was discovered, Petitioner's removal was halted, and he was returned to NWIPC. *Id.*

Petitioner's suggestion that the administrative error prevented his removal finds no support in the record, and the argument that the error demonstrates the removal process is uncertain and unreliable is baseless. The only apparent consequence of the administrative error was that it delayed Petitioner's return to NWIPC after he filed his federal habeas petition and his removal was cancelled. As noted above, had Petitioner not filed a petition challenging his ongoing detention, it appears likely his removal would already have occurred.

To the extent Petitioner suggests his removal is not reasonably foreseeable at this juncture because there is no confirmed removal date, his argument also misses the mark. DO Melendez avers in their declaration that there is a significant likelihood of removal in the reasonably foreseeable future because travel documents have been issued and charter flights to

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 6

Vietnam are scheduled regularly.  Melendez Decl., ¶ 19.  Petitioner argues that "reliance on generalized flight availability is speculative" and insufficient under *Zadvydas* to demonstrate that his removal will actually occur in the reasonably foreseeable future.  Dkt. 8 at 3.  However, the Ninth Circuit has held that uncertainty as to when removal will occur does not establish that detention is indefinite.  *Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008) ("That the detention did not have a certain end date does not change the analysis.").  The Ninth Circuit has explained that detention becomes indefinite if, for example, the country designated in the removal order refuses to accept the noncitizen, or if removal is barred by the laws of this country.  *Diouf I*, 542 F.3d at 1233.  Clearly, neither situation exists here.

This Court concludes that though Petitioner has at this point been detained beyond the presumptively reasonable six-month period, he has not provided good reason to believe there is no significant likelihood he will be removed in the reasonably foreseeable future.  Accordingly, Petitioner is not entitled to habeas relief.

### III.    CONCLUSION

Based on the foregoing, Petitioner's petition for writ of habeas corpus (Dkt. 1) is DENIED, and this action is DISMISSED.

DATED this 6th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 7